IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CENTER CAPITAL CORP., | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRA AVIATION, LLC and JOSEPH PACITTI, | : | No. 09-4323 |
| Defendants. | : | |

# MEMORANDUM

Schiller, J.                                                                                                                                                                                                            March 14, 2011

       Center Capital Corporation ("Center Capital") demonstrated at trial that its sale of Defendants' Learjet was commercially reasonable under Connecticut law. In its Judgment dated February 4, 2011, the Court directed the parties to submit damages calculations. The parties' briefs are presently before the Court, along with Center Capital's Petition for Fees and Costs. For the reasons stated below, the Court will grant Center Capital's petition and adopt its damages figure.

## I. BACKGROUND

       Center Capital repossessed and sold Defendants' 1987 Gates Learjet 55B in the fall of 2009. The proceeds of the sale did not satisfy their $3 million debt, and Center Capital sued Defendants PRA Aviation, LLC and Joseph Pacitti for breach of contract and breach of guaranty, respectively. Defendants stipulated to liability on these claims, but argued that Center Capital's sale of the aircraft was not commercially reasonable. The parties agreed that Connecticut law applies to this dispute pursuant to a choice of law clause in their loan agreement. (*See* Compl. Ex. A, Aviation Master Loan and Sec. Agreement No. 55862 [Loan Agreement] § 9.)

       Following a bench trial on January 31, 2011, the Court concluded that Center Capital sold

the Learjet in a commercially reasonable manner under Connecticut's codification of the Uniform Commercial Code. The parties failed to stipulate to damages, and this issue is now before the Court.

Center Capital bases its damages calculation on the parties' Joint Pretrial Stipulation. (Pl.'s Pet. for Att'ys' Fees and Costs [Pl.'s Pet.] 1.) According to this document, Center Capital sold the Learjet on December 7, 2009, and realized net proceeds of $1,189,446.62 from the $1,300,000.00 sale. (*Id.*; Joint Pretrial Stipulation [JPS] ¶ 37.) Defendants owed $1,964,324.49 in principal after Center Capital applied the net proceeds of the sale to their debt. (Pl.'s Pet. 2; JPS ¶ 38.) Defendants were also responsible for interest payments of $945.58 per day, running from the sale date. (Pl.'s Pet. 2; JPS ¶ 38.) Center Capital claims damages of $2,378,488.53, representing the adjusted post-sale principal amount plus $414,164.04 in interest between December 7, 2009 and February 17, 2011. (Pl.'s Pet. 2.) Center Capital also documented counsel fees of $77,042.31 and costs of $2,958.49. (Pl.'s Pet. 2-3.) Center Capital thus seeks a total of $2,458,489.33 in damages, fees and costs. (Pl.'s Pet. 3.)

Defendants' petition states that Defendants owed a "default amount" of $2,962,677.51 as of April 1, 2009. (Defs.' Br. Outlining Damages Calculations [Defs.' Br.] 4.) Defendants arrive at their damages estimate by subtracting the amount they believe the aircraft was worth, $2,106,253.00, from the April 2009 default amount. (*Id.*) This calculation yields damages of $856,424.00, plus interest. (*Id.*) Defendants argue they should receive a credit toward their debt of at least $2.1 million as a result of Center Capital's sale of the aircraft because this number is "the lowest wholesale dollar value shown by any credible accepted aviation industry standard evaluation and appraisal authoritative publication." (*Id.*) Defendants do not offer an alternative interest calculation or dispute Center Capital's calculation of its fees and costs.

## II. DISCUSSION

### A. Amount of Judgment

Under Connecticut law, a secured creditor may recover from its obligor any deficiency that remains following a commercially reasonable sale of collateral. Conn. Gen. Stat. § 42a-9-615(d)(1). Secured creditors apply the proceeds of such sales first to the reasonable expenses of disposing of the collateral, and then toward satisfaction of the secured obligation at issue. Conn. Gen. Stat. § 42a-9-615(a).

The Court held that Center Capital's sale of the Learjet was commercially reasonable. Center Capital may thus apply the net proceeds of the sale toward Defendants' debt. Defendants suggest that Center Capital sold the Learjet in "only five days" rather than over the period of months discussed by Center Capital's experts at trial. (Defs.' Br. 1-3.) Furthermore, they maintain their position that the Learjet was worth substantially more than $1.3 million. (*Id.*) The evidence Defendants attached to their brief does not indicate that Center Capital sold the Learjet before December 7, 2009. (*See* Defs.' Br. Ex. 1, FAA Registry report for Learjet N52CT (indicating "certificate issue date" to CC Holding 500 of December 7, 2009).) Regardless, Defendants' dissatisfaction with the price Center Capital obtained has no bearing on this analysis. Because Center Capital's sale of the Learjet was commercially reasonable, Defendants are not entitled to a credit greater than the net proceeds of the sale. The Court will therefore award Center Capital $2,378,488.53 in damages, as described above.

### B. Fees and Costs

Connecticut allows parties to contract for recovery of a prevailing party's attorneys' fees. *Pateley Assocs. I, LLC v. Pitney Bowes, Inc.*, 704 F. Supp. 2d 140, 152 (D. Conn. 2010) (quoting

*Town of Brookfield v. Candlewood Shores Estates, Inc.*, 513 A.2d 1218, 1218 (Conn. 1986)). Connecticut courts generally interpret contractual language in accordance with its common, natural and ordinary meaning. *Creatura v. Creatura*, 988 A.2d 798, 802 (Conn. App. Ct. 2010). However, even when a contract expressly provides for the recovery of actual attorneys' fees, Connecticut law implicitly requires "some showing of reasonableness" to support a fee award. *Gen. Elec. Capital Corp. v. Hoppes*, Civ. A. No. 04-1161, 2005 WL 2256526, at *3 (D. Conn. Apr. 29, 2005) (citing *Crest Plumbing & Heating Co. v. DiLoreto*, 531 A.2d 177, 183 (Conn. App. Ct. 1987)).

The Loan Agreement between Center Capital and PRA Aviation requires "Borrower to pay all expenses of any sale . . . of the Collateral, and all costs, including without limitation all actual attorneys' fees incurred by Lender in its enforcement of the provisions of this Agreement." (Loan Agreement § 8(v).) Defendant Joseph Pacitti also agreed to pay Center Capital's legal costs, including attorney's fees, pursuant to a guaranty agreement.[1] (Compl. Ex. H, Continuing Guaranty 1.) These provisions are clear and unambiguous. Center Capital is thus entitled to recover reasonable counsel fees.

Center Capital submitted an affidavit by its Director of Litigation, Amy Levy, in support of its Petition for Fees and Costs. Center Capital has also provided copies of invoices submitted by its attorneys. The Court has reviewed these documents and finds the requested costs and fees to be reasonable and adequately supported. Center Capital's counsel charged reasonable hourly rates: $225 to $400 for the various partners assigned to this matter and $190 for associates. (*See* Pl.'s Pet. Ex. A [Invoices for legal services through Jan. 31, 2011].) Center Capital's costs are likewise

---

[1] This agreement's choice of law clause selects Pennsylvania law. (Continuing Guaranty 1.) Pennsylvania, like Connecticut, permits recovery of counsel fees where "clear agreement of the parties" provides for such relief. *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009).

reasonable.  Accordingly, the Court will award $77,042.31 in counsel fees and $2,958.49 in costs.

III.     CONCLUSION

Center Capital prevailed as to the sole contested issue in this case:  whether its sale of Defendants' Learjet was commercially reasonable.  Its damages must be calculated accordingly, yielding $2,378,488.53 in unpaid principal and interest.  Center Capital has also shown that it is contractually entitled to recover counsel fees and costs from Defendants, and that these expenses were reasonable.  The Court will therefore award Center Capital$77,042.31 in counsel fees and $2,958.49 in costs.  An Order consistent with this Memorandum will be docketed separately.