IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENTER CAPITAL CORP., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRA AVIATION, LLC and | : | |
| JOSEPH PACITTI, | : | No. 09-4323 |
| Defendants. | : | |

## MEMORANDUM

Schiller, J.                                                                                               March 31, 2014

Glenwood Real Estate Group, LLC ("Glenwood") sought an injunction to protect its access to assets from which it may be able to satisfy a judgment. The Court held a hearing on the motion on March 24, 2014. Defendant Joseph Pacitti, who received notice of the hearing, neither appeared at the hearing nor responded to the Court's order for briefing on the motion. On March 25, 2014, the Court issued an injunction temporarily restraining Pacitti from (1) receiving or transferring distributions from Front Street Development Associates, LP ("Front Street"), in which Pacitti owns a 99% interest; (2) transferring his interest in Front Street; and (3) causing Front Street to transfer, convey, assign, or otherwise dispose of property owned by Front Street. This Memorandum explains the Court's reasoning.

I.   BACKGROUND

In March 2011, Center Capital Corp. ("Center Capital") obtained a judgment in this Court against PRA Aviation, LLC and Pacitti for $2,458,489.33 after Defendants defaulted on a loan. Center Capital assigned its interest in the judgment to Glenwood in February 2014. (Glenwood's App. for Order Charging Partnership Interest [Glenwood Application] Ex. 2.) Glenwood claims that neither Defendant has made any payment in satisfaction of the judgment.

(Glenwood's Br. in Supp. of Injunctive Relief [Glenwood Br.] at 1.) On February 11, 2014, Glenwood moved for an order charging Pacitti's partnership interest in Front Street, in which Pacitti owns a 99% interest and is a general partner. (Glenwood Application Ex. 3 [Certificate of Limited Partnership].) The remaining 1% interest is owned by Arline Pacitti, who Glenwood asserts is Pacitti's wife. (*Id*.; Glenwood's Letter to the Court of Mar. 10, 2014 [Glenwood Letter] at 1.)

In a letter to the Court dated March 10, 2014, Glenwood reiterated its request for the charging order and sought an injunction temporarily restraining Front Street and Pacitti from transferring or otherwise dissipating any assets or funds. (Glenwood Letter at 2.) On March 11, 2014, the Court ordered Glenwood, Pacitti, and Front Street to submit briefing by March 18, 2014 regarding whether the Court should enjoin the transfer of assets or funds by Pacitti and Front Street pending its decision on Glenwood's application for a charging order. The Court also set a hearing for March 24, 2014 regarding the proposed injunction. Glenwood served the March 11, 2014 Order on Pacitti and Front Street at an address that Glenwood asserts is Pacitti's last-known address. Neither Pacitti nor Front Street submitted briefing on the proposed injunction or appeared at the hearing. The lawyer who represented Pacitti in the underlying lawsuit, Joseph Lamonaca, represented to the Court that he no longer represents Pacitti.

Glenwood requested that the Court: (1) enjoin Pacitti from receiving or transferring distributions from Front Street; (2) enjoin Pacitti from transferring his interest in Front Street; and (3) enjoin Front Street from transferring, conveying, assigning, or otherwise disposing of property owned by Front Street pending the Court's consideration of Glenwood's charging order application. The Court enjoined Pacitti from transferring his interest in Front Street and from receiving or transferring distributions from Front Street. The Court also enjoined Pacitti from

causing Front Street to transfer, convey, assign, or otherwise dispose of property owned by Front Street. However, the Court rejected Glenwood's request to enjoin Front Street from transferring property because Front Street is not a party to the case, and Glenwood did not demonstrate that an exception to the general rule against enjoining a nonparty applies.

## II. DISCUSSION

### A. Pacitti's Interest in and Distributions from Front Street

The Court enjoined Pacitti from receiving or transferring distributions from Front Street and from transferring his interest in Front Street. The Court's authority to issue this injunction lies in Federal Rule of Civil Procedure 69, Pennsylvania Rule of Civil Procedure 3118, and the Pennsylvania Revised Uniform Limited Partnership Act.

A federal court must generally follow state law in a proceeding to execute on a judgment. Fed. R. Civ. P. 69(a) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Pennsylvania law provides, in part:

> On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person (1) enjoining the negotiation, transfer, assignment or other disposition of any security, document of title, pawn ticket, instrument, mortgage, or document representing any property interest of the defendant subject to execution; (2) enjoining the transfer, removal, conveyance, assignment or other disposition of property of the defendant subject to execution; . . . and (6) granting such other relief as may be deemed necessary and appropriate.

Pa. R. Civ. P. 3118. To demonstrate entitlement to relief under Rule 3118, the movant must establish (1) the existence of an underlying judgment; and (2) that the property of the

debtor, whose transfer the movant seeks to enjoin, is subject to execution. *Marshall Ruby & Sons v. Delta Mining Co.*, 702 A.2d 860, 862 (Pa. Super. Ct. 1997). Rule 3118 does not require a showing of the traditional requirements for an injunction. *Kaplan v. I. Kaplan, Inc.*, 619 A.2d 322, 326 (Pa. Super. Ct. 1993).

Both elements of this test are met with respect to Pacitti's interest in Front Street. First, this Court entered a judgment against Pacitti and in favor of Center Capital for $2,458,489.33, and Center Capital assigned its interest in the judgment to Glenwood. (Glenwood Application Exs. 1, 2.) The second element is also met. Partnership interest—"[a] partner's share of the profits and losses of a limited partnership and the right to receive distributions of partnership assets"—is personal property subject to execution. 15 Pa. Cons. Stat. § 8503; *see also* Pa. R. Civ. P. 3101.1(b) (providing that a judgment-debtor's personal property is subject to execution); 15 Pa. Cons. Stat. § 8561 ("A partnership interest is personal property."); *id*. at § 8563 ("On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest."). Therefore, the Court may enjoin Pacitti from transferring his interest in Front Street and from receiving or transferring distributions from Front Street.

### B. Front Street's Property

Glenwood further seeks to enjoin Front Street from transferring, conveying, assigning, or otherwise disposing of property owned by Front Street pending the Court's consideration of Glenwood's charging order application. The Court does not have authority to issue this injunction. However, the Court does have authority under its general equity powers to enjoin Pacitti from causing Front Street to transfer property owned by Front Street.

### 1. *Authority to enjoin Pacitti*

Pursuant to its general equity powers, the Court enjoined Pacitti from causing Front Street to transfer, convey, assign, or otherwise dispose of property owned by Front Street. If Front Street sells its property, Pacitti's partnership interest may be diminished, and Glenwood would have greater difficulty executing on the judgment. The Court's general equity powers authorize the Court to issue an injunction to protect Glenwood's ability to satisfy the judgment, even if that injunction would not be authorized under Pennsylvania Rule of Civil Procedure 3118. *See State Farm Mut. Auto. Ins. Co. v. Am. Rehab. & Physical Therapy, Inc.*, Civ. A. No. 03-5595, 2009 WL 2096274, at *9 (E.D. Pa. Jul. 14, 2009) ("Pursuant to [its] general equity powers, a court may grant an injunction to protect a plaintiff from a dissolution of the assets from which he can satisfy his claim."), *aff'd*, 376 F. App'x 182, 184 (3d. Cir. 2010); *see also Tennenbaum Capital Partners, LLC v. Kennedy*, Civ. A. No. 09-194, 2012 WL 748256, at *3 (E.D. Pa. Feb. 10, 2012) (relying on the court's general equity powers to order garnishees, a limited partnership and its general partner, not to issue distributions to judgment-debtor and instead to pay those distributions to plaintiff until the judgment was satisfied); *Se. Nat'l Bank of Pa. v. Spectrum Leasing Corp.*, Civ. A. No. 84-3034, 1986 WL 1240, at *2-3 (E.D. Pa. Jan. 27, 1986) (relying on the court's general equity powers to enjoin judgment-debtors from transferring property that may not have been "subject to execution" under Pennsylvania Rule of Civil Procedure 3118). Similar to the injunctions issued in these cases, an injunction restraining Pacitti from causing Front Street to transfer its property protects Glenwood from the dissipation of the assets from which Glenwood can satisfy its judgment against Pacitti. Therefore, such an injunction is authorized under the Court's general equity powers.

Before issuing a preliminary injunction, district courts must engage in a four-step inquiry evaluating (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *State Farm Mut. Auto. Ins. Co.*, 376 F. App'x at 184.

All four factors favor an injunction restraining Pacitti from causing Front Street to transfer its property. First, Glenwood already prevailed on the merits because its predecessor in interest, Center Capital, obtained a judgment against Pacitti. *See State Farm Mut. Auto. Ins. Co.*, 376 F. App'x at 184 (finding that State Farm "undoubtedly has prevailed on the merits of its case" because it obtained a default judgment in its favor).

Second, Glenwood adequately demonstrated that it will be irreparably injured by the denial of relief. Glenwood alleges that "Pacitti has a well-documented history of cloaking his assets in a complex web of corporate entities to distort his net worth and evade judgment creditors." (Glenwood Br. at 4.) Indeed, Pacitti appears to be in significant debt. He recently defaulted on two other loans, causing the Connecticut Superior Court in December 2013 to award judgments for $8,953,753.40 and $8,275,691.98 against him and entities that he allegedly controlled. (Glenwood Br. at 4; *id.* Exs. 5, 6 [Orders].) Glenwood also offered evidence that Pacitti is seeking to evade creditors. Around June 2011, soon after the judgment in this case, Pacitti granted a mortgage interest in his property to his secretary, his architect, a person who worked in his office, and two other people. (Glenwood Br. Ex. 8 [Pacitti Dep.] at 67-71.) In addition, since this Court entered a judgment against Pacitti in March 2011, Front Street sold eight properties worth a total of $2.6 million. (Glenwood Br. Exs. 2, 3 [Deeds].) However,

6

according to Glenwood, Pacitti has paid nothing to Center Capital or to Glenwood in the three years since the judgment. (Glenwood Br. at 1.) As in *State Farm*, "[t]he record demonstrates that a money judgment alone is insufficient motivation" for Pacitti. *State Farm Mut. Auto. Ins. Co.*, 376 F. App'x at 184.

Third, there is no reason to believe that an injunction will result in greater harm to Pacitti. An injunction against the transfer of property by Front Street will maintain the status quo. Because Pacitti did not respond or appear, he offered no argument or evidence that such an injunction will harm him. *See Tennenbaum Capital Partners*, 2012 WL 748256, at *3 (finding that this prong favored plaintiff where defendant "offered no argument (or evidence) that the entry of a preliminary injunction will result in greater harm (or even *any* harm) to Defendant"). Finally, granting the injunction is in the public's interest. "The public has an interest in the enforcement of judgments." *State Farm Mut. Auto. Ins. Co.*, 376 F. App'x at 184.

Because all four factors favor an injunction, the Court enjoined Pacitti from causing Front Street to transfer, convey, assign, or otherwise dispose of property owned by Front Street.

2.   *Authority to enjoin Front Street*

The Court declines to issue an injunction against Front Street because the Court generally does not have authority to enjoin nonparties, and Glenwood did not demonstrate that an exception to this general rule applies.

a.   *Authority under Pennsylvania Rule of Civil Procedure 3118*

Contrary to Glenwood's argument, Rule 3118 does not authorize the Court to enjoin Front Street from transferring its property. Glenwood relies on Rule 3118's language allowing a court to "grant[] such other relief as may be deemed necessary and appropriate." However, in a Rule 3118 proceeding, the Court may enjoin only the transfer of property that is "subject to

execution." *Marshall Ruby & Sons*, 702 A.2d at 862; *Kaplan*, 619 A.2d at 326. Front Street is not a judgment debtor, and a partner's creditor cannot reach partnership property in execution. *Shirk v. Caterbone*, 193 A.2d 664, 665 (Pa. Super. Ct. 1963). Pacitti's 99% interest in Front Street does not turn Front Street's property into Pacitti's property for purposes of Rule 3118. *See Savitsky v. Mazzella*, 93 F. App'x 439, 441 (3d Cir. 2004) (holding that Rule 3118 is "limited to property solely owned by the judgment debtor"); *Stop 35, Inc. v. Haines*, 543 A.2d 1133, 1134 n.2 (Pa. Super. Ct. 1988) ("Only property to which title is clearly in the judgment debtor can be made subject to Rule 3118's relief in aid of execution."). Glenwood does not claim that Pacitti and Front Street are alter egos, and Glenwood specifically states that it is not seeking to pierce Front Street's veil to hold Front Street liable for Pacitti's debts. (Glenwood Br. at 9.) Because Front Street's property is not subject to execution, Rule 3118 cannot support an injunction restraining Front Street from transferring its property.

### b. Authority under the Pennsylvania Uniform Partnership Act

The Court also rejects Glenwood's argument that the Court has authority under the Pennsylvania Uniform Partnership Act to enjoin Front Street from transferring its property. Glenwood points out that the Act permits a court to charge the interest of a debtor partner "and make all other orders, directions, accounts and inquiries which the debtor partner might have made or which the circumstances of the case may require." 15 Pa. Cons. Stat. § 8345. Glenwood argues that this language authorizes the Court to restrain Front Street from selling property because Pacitti could have used his controlling interest in Front Street to achieve the same result. However, a court in this district rejected a similar argument, finding that Section 8345 did not authorize the court to enjoin partnerships from transferring assets after the plaintiff obtained an order charging a defendant's interest in those partnerships. *Auburn Steel Co. v. Am. Steel*

*Eng'ring Co.*, Civ. A. No. 91-5747, 1993 WL 257379, at *4 (E.D. Pa. Jul. 2, 1993). As in the instant case, Auburn Steel was concerned that transfers of partnership property could decrease the value of the partnership interests. *Id*. The court noted that Auburn Steel "cited no case law nor provided any evidence to convince this Court to authorize the relief sought pursuant to Sections 8563 and 8345." *Id*. Like Auburn Steel, Glenwood cites no case law supporting the Court's authority under Section 8345 to enjoin transfers by Front Street.

### c. Authority under the Court's general equity powers

The Court also rejects Glenwood's argument that the Court may enjoin Front Street under its general equity powers. Front Street's status as a nonparty precludes an injunction against Front Street except in limited circumstances, and Glenwood did not demonstrate that such an exception applies. "Generally, 'persons who are not actual parties to the action or in privity with any of them may not be brought within the effect of a decree merely by naming them in the order.'" *Savarese v. Agriss*, 883 F.2d 1194, 1209 (3d Cir. 1989) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2956 at 555-56 (1973)). Although Federal Rule of Civil Procedure 65 authorizes the Court to issue injunctions binding "persons who are in active concert or participation with" parties, the Court has not determined that Front Street is "in active concert or participation" with Pacitti. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (holding that the district court could not issue an injunction binding nonparty Hazeltine, the parent company of a party, without determining, in a proceeding to which Hazeltine was a party, that Hazeltine was "in active concert or participation" with a party). Glenwood also did not argue for the application of any other possible exception to the general rule against enjoining nonparties. *See, e.g., In re Linerboard Antitrust Litig.*, Civ. A. Nos. 98-5055, 99-1341, 2008 WL 2758442, at *7, 11 (E.D. Pa. Jul. 15, 2008) (identifying an exception

9

under the All Writs Act, 28 U.S.C. § 1651, which authorizes courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . ."), *vacated in part on other grounds*, 361 F. App'x 392 (3d Cir. 2010); *In re NAACP, Special Contribution Fund*, 849 F.2d 1473, at *4 (6th Cir. 1988) (unpublished table decision) (identifying an exception under the court's "inherent jurisdiction to preserve [its] ability to render judgment" (quoting *United States v. Hall*, 472 F.2d 261, 265 (5th Cir. 1972))). Because Glenwood did not argue that such an exception applies, the Court did not enjoin Front Street from transferring its property. *Accord United States v. Simmons*, Civ. A. No. 07-30, 2008 WL 336824, at *1 & n.1 (E.D. Wis. Feb. 5, 2008) (issuing an order restraining defendant from disbursing funds in his bank account, but refusing to order the bank to freeze the account because "the government provides no jurisdictional basis for me to order the Bank (as opposed to defendant) to take any action").

**III.    CONCLUSION**

Pursuant to Pennsylvania Rule of Civil Procedure 3118, the Court enjoined Pacitti from receiving or transferring distributions from Front Street and from transferring his interest in Front Street. Pursuant to its general equity powers, the Court enjoined Pacitti from causing Front Street to transfer, convey, assign, or otherwise dispose of property owned by Front Street.